VEGA ET AL *v.* CANCIO.

APPEAL from the District Court of San Juan.

No. 307.—Decided March 18, 1909.

LEASE OF RURAL ESTATE—EXTENSION BY TACIT RENEWAL.—Under section 1469 of the Civil Code, the lease of a rural estate is understood to be impliedly renewed if on the expiration of the contract the lessee continues enjoying the thing leased for 15 days, with the acquiescence of the lessor.

RENTS, FRUITS AND PRODUCTS—LESSEE—DAMAGES.—The defendant having shown that he took possession of the estate by virtue of a contract of lease with the predecessor in interest of the plaintiffs, he cannot be held liable for damages by reason of the possession of the estate, and the only thing to which the plaintiffs are entitled, in any event, is to collect from the defendant the rents that he may have failed to pay them.

The facts are stated in the opinion.

*Mr. Antonsanti* for appellants.

*Mr. Moraza* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of San Juan. The complaint is as follows:

"The plaintiffs above mentioned, appear before this honorable court, by their attorney, Frank Antonsanti, and formulate their complaint against the defendant, Juan Cancio Balcarcel, stating the following as cause of action:

"1. That all and every one of the plaintiffs above mentioned, for a period from long before the year 1897, until the 4th day of December, 1907, were joint owners and had the right of possession, use and enjoyment of an undivided parcel of land, constituting the seventh part of the following landed property: 'A rural property, formerly known by the name of 'Hacienda Isabel,' situate in the ward of Sabana Abajo, of the jurisdiction of Carolina, consisting of 454 *cuerdas* of land, bounded on the north by lands of the heirs of José Suárez; on the south by those of Sotero Vizcarrondo and María Eufemia Paz, F. C. Thimpson, formerly Josefina Ruiz; on the east by property belonging to the heirs of Juan José Mahicote, Carlos Landrau, Clotilde and Concepción Vizcarrondo, Clemente Isaac and Manuel Suárez Rosa; and on the west by the ravine 'San Antonio,' which seperates the aforesaid property from the lands of Luis Orcasitas and the heirs of Suárez.

"2. The plaintiffs allege that the said defendant, Juan C. Balcárcel, in the year 1897, took possession of the seventh undivided part of the aforesaid landed property, without the consent of the plaintiffs, depriving them of the possession, enjoyment and use of the same.

"3. The plaintiffs allege that the defendant continued in the possession, use and enjoyment of the said seventh part, against the will of the plaintiffs, until the 4th day of December, 1907. The plaintiffs allege that, from the year 1897, until the 4th day of December, 1907, the said landed property has produced at least the amount of $30,000, in the form of rents and other revenues, and that, consequently, the

seventh part of said amount, or $4,285.71, belongs to the said plaintiffs.

"4. That the said defendant has never rendered account of his administration of the joint property—that is to say, of the amounts produced by said property during the time of his administration—nor paid to the plaintiffs any sum on account of the products and rents derived from said property.

"5. The plaintiffs allege, likewise, that the losses and damages caused to them through the unlawful detainer of the products and rents of their joint property, and through the deterioration of the latter, from 1897 until the 4th of December, 1907, amount to $2,000; for, when the defendant took possession of said property, there existed on the same, a sugar factory which disappeared through the negligence and bad management of the defendant.

"6. The plaintiffs allege that, on the 17th of April, 1906, they made an agreement with the defendant, to sell to him their interest or share in said property, and, on the 4th day of December, 1907, in compliance with an order of this court, they actually sold to the defendant the share or interest which they had in the estate referred to; said sale being made without any liquidation, by the defendant, of the fruits and products of the said estate, and without any renunciation of the same, on the part of the plaintiffs, who reserved to themselves the right to reclaim from the defendant the products, revenues, losses and damages.

"For the reasons stated, the plaintiffs request the court, to declare fruits and products belonging to the plaintiffs.

"1st. To the payment of $4,285.71, as the amount of the rents, fruits and products belonging to the plaintiffs.

"2d. To the payment of $2,000, or such other sum as the court may fix, for losses and damages, and the costs of this suit."

The respondent in the court below answered denying each and all of the facts of the complaint, setting up a plea of *res judicata* and answering further that as he had never had the administration of the property, being a lessee of the part alleged to belong to the complainants, there were no rents and profits received by him for which to account. The court below pronounced judgment against the complainants on the 7th day of May, 1908, and rendered the following opinion:

"The plaintiffs in this case, alleging that, long before 1897, until the 4th of December, 1907, they were the owners of an undivided sev-

enth part of the rural property which they described in the complaint, and basing the latter on the fact that the defendant, Juan Cancio Balcárcel, took possession of the said seventh part of the property referred to, without the consent of the plaintiffs, depriving them of the possession, use and enjoyment of the same, until the 4th of December, 1907, claim from said defendant, $4,285.71, which pertain to the said share of interest, on account of the income produced by the said property, in the form of rents and other revenues; and, further, 2,000 *pesos,* for the losses and damages caused to them by said defendant, through the unlawful detainer of the products and rents of said share, during the period of time above stated, and through the deterioration of the said property.

"During the trial, the defendant proved that he, too, is a joint owner, and that he began to enjoy the interest or share which the plaintiffs allege belong to them, in the character of lessee of the said property, by virtue of a notarial contract executed between him and the father of the plaintiffs, who represented the latter on account of their minority; which contract was executed on the 16th of January, 1900, before the notary, Mauricio Guerra, for a term of four years, which expired on the same day and month of the year 1904, but was extended by a tacit renewal of the lease, in accordance with section 1480 of the Civil Code, inasmuch as the property referred to is rural property—that is to say, said contract was extended from year to year, since the defendant has not been required by the plaintiffs to consider the contract as having expired.

"After these facts have been established, the only thing, to which the plaintiffs are entitled, in any event, is, to collect from the defendant, the rents that he may have failed to pay them; but they are not entitled to any damages, inasmuch as the defendant took possession of the aforesaid seventh part of the property referred to, by virtue of a contract.

"In view of these considerations, it is useless to enter upon an examination of the other questions raised herein, and we are of the opinion that the complaint must be dismissed, with costs."

We agree with the foregoing opinion.

It becomes unnecessary to discuss certain errors with respect of the admission of evidence. These errors consist in the fact that the receipts presented as proof ought not to have been admitted because they bore date anterior to the time for which recovery was sought, and, furthermore, that it was not

shown that Mercedes Vega who signed such receipts was the duly constituted tutrix of the complainants in whose name she signed. Even if such errors existed, which we neither affirm nor deny, it would not affect the result of this suit, and, therefore, could not give rise to a reversal inasmuch as at the trial it was shown in a satisfactory manner, namely, by a deed that the respondent held as lessee the share of the common ownership to which the complaints referred, it being thus not true, as the complaint sets up, that the former took possession of complainants' interest without their consent.

As such contract of lease did exist it must be considered as having been extended in accordance with the provision of article 1480 of the Civil Code, as shown by the judge in his opinion.

There is some discussion in the briefs of both parties regarding a claim made for rent due from the defendant himself. But as such rents accruing from a contract of lease were not sought in the complaint, the court below committed no error in not considering such claim.

The judgment from which the appeal is taken must be affirmed with costs.

*Affirmed.*

Acting Chief Justice Hernández and Justices Figueras and MacLeary concurred.